UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JIMMIE CRAVEN,** | * | **CIVIL ACTION NO.** |
| | * | |
| **Plaintiff,** | * | **SECTION:** |
| | * | |
| v. | * | **JUDGE:** |
| | * | |
| **LABORATORY CORPORATION OF** | * | **MAG. JUDGE:** |
| **AMERICA HOLDINGS, ET AL.** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF LOUISIANA

Defendant Laboratory Corporation of America Holdings "d/b/a and/or LabCorp
Houston"[1] ("LabCorp"), pursuant to 28 U.S.C. §§ 1332 and 1446, with full reservation of any
and all defenses, objections and exceptions, does hereby remove this action, which had been
pending as Case No. 2014-4113 in the 14th Judicial District Court for the Parish of Calcasieu,
State of Louisiana (the "Action"), to the United States District Court for the Western District of
Louisiana.  In support of this Notice of Removal, LabCorp states as follows:

1.    Petition:

On October 7 or 9, 2014,[2] Plaintiff Jimmie Craven filed the Action against LabCorp in
the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, Case No. 2014-
4113, entitled "*Jimmie Craven versus Laboratory Corporation of America Holdings, et al.*"  The
Petition for Damages generally alleges that Plaintiff suffered injuries and damages to his knee as

---

[1] "LabCorp Houston" is not a juridical entity that can sue or be sued.
[2] The Petition has both dates of filing stamped on it.

2355991-1

a result of a bacterial infection that developed following his fall while descending an escalator. *See* Petition, ¶¶ 2-7.[3]   Plaintiff asserts a negligence claim against LabCorp arising out of LabCorp's alleged testing of synovial fluid and/or other fluids removed from his knee.   *See* Petition, ¶ 8.   In addition, Plaintiff advances premature medical malpractice allegations for his knee injury against Dr. M. Alan Hinton, his alleged treating physician. *See* Petition, ¶ 9.

2.      Basis for Jurisdiction in this Court:

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, diversity of citizenship, because: (1) the requisite diversity of citizenship exists between Plaintiff and the diverse defendant, LabCorp; (2) the domestic defendant, Dr. Hinton, is improperly joined; and (3) the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.      Citizenship of Plaintiff:

Plaintiff is, and was at the time the state court action was commenced, domiciled in the state of Louisiana and is a citizen of Louisiana.  28 U.S.C. § 1332(c).  *See* Petition, introductory paragraph.

4.      Citizenship of Defendants:

(a)     At the time the action was filed, LabCorp was, and still is, a corporation incorporated in the State of Delaware, with its principal place of business in the State of North Carolina. At the time that the action was commenced, LabCorp was not, and still is not, a citizen of the State of Louisiana.   "LabCorp Houston," alternately alleged to be a "d/b/a" of LabCorp, is not a valid juridical entity.

(b)     Complete diversity of citizenship exists in this case because the only non-diverse defendant, Dr. M. Alan Hinton, has been improperly joined. *See, e.g., Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).   When the citizenship of the

---

[3] The entire state court record at the time of removal is attached *in globo* as Exhibit "A."

improperly joined party is disregarded, complete diversity exists between Plaintiff and the remaining defendant LabCorp. *Id.*

5.   Improper Joinder:

Plaintiff has improperly joined Dr. Hinton as a defendant to this lawsuit for the sole purpose of destroying federal jurisdiction.  Because Plaintiff has no possibility of recovery against Dr. Hinton under Louisiana law, Dr. Hinton's citizenship must be disregarded for purposes of removal.  *See Burden,* 60 F.3d at 217 (holding that joinder is fraudulent if "there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court").

The doctrine of improper joinder[4] prevents a plaintiff from defeating federal diversity jurisdiction simply by naming non-diverse defendants.  In determining whether a non-diverse defendant has been improperly joined, the inquiry is whether there "is . . . [a] reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant."  *Smallwood v. Ill. Cent. R.R.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see also Badon v. RJR Nabisco Inc.,* 236 F.3d 282, 286 (5th Cir. 2000); *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 259 (5th Cir. 1995).  "A mere theoretical possibility of recovery under local law" will not preclude a finding of improper joinder.  *Smallwood,* 385 F.3d at 573 n.9 (quoting *Badon,* 236 F.3d at 286 n.4).

There is no reasonable basis to predict that Plaintiff can prevail on his claims against Dr. Hinton because Plaintiff has failed to exhaust his administrative remedy before a Medical Review Panel as required under Louisiana law.  *See Melder v. Allstate Corp.,* 404 F.3d 328, 332

---

[4] Courts historically have called this the "fraudulent joinder" doctrine.  In *Smallwood v. Ill. Cent. R.R.. Co.,* the Fifth Circuit adopted the term "improper joinder," finding it more consistent with the related statutory language while noting there is "no substantive difference" between the terms.  385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc).  LabCorp therefore uses the Fifth Circuit's preferred terminology in this Notice.

2355991-1

(5th Cir. 2005) ("[b]ecause they have not exhausted the adequate administrative remedies provided by Louisiana law, there is no reasonable basis Plaintiffs might be able to recover in this action against the sole non-diverse defendant. . . . Therefore, [the non-diverse defendant] is improperly joined."); *Holder v. Abbott Laboratories, Inc.,* 444 F.3d 383 (5th Cir. 2006) (because plaintiffs failed to exhaust pre-suit administrative claims, the court was without jurisdiction to hear their suit).

The Louisiana Medical Malpractice Act ("LMMA"), La. Rev. Stat. § 40:1299.41, *et seq.,* covers medical malpractice claims against qualified healthcare providers.  Plaintiff has claimed that Dr. Hinton committed malpractice in treating his knee injury.  Petition, ¶ 9.  Upon information and belief, Dr. Hinton was a qualified healthcare provider under the LMMA during the relevant time period.[5]  Plaintiff does not allege that he has submitted his medical malpractice claims against Dr. Hinton to a medical review panel under the LMMA.  Nor does he allege that he has completed a medical review panel, or that he has received a ruling from the medical review panel.  Thus, plaintiff has not satisfied or fulfilled the administrative requirements of the LMMA that must be completed before suit can be filed.

Under the LMMA, "[n]o action against a health care provider covered by this [Act], or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel."  La. Rev. Stat. § 40:1299.47(B)(1)(a)(i). Upon information and belief, Plaintiff's claims against Dr. Hinton have not been presented to a medical review panel.  The failure to satisfy these administrative requirements prior to filing suit means that Plaintiff cannot establish a cause of action against Dr. Hinton. *Dading v. Goodyear Tire &*

---

[5] A letter certifying that Michael Alan Hinton is an enrollee under La. Rev. Stat. § 40:1299.41, *et seq.,* from 08/01/2013 to 08/01/2014, which encompasses the alleged dates Dr. Hinton treated plaintiff, is attached hereto as Exhibit "B."  The Court may take judicial notice the letter as a document in the public records of the Louisiana Patient's Compensation Fund. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005).

2355991-1

*Rubber Co.,* No. 05-0100, 2005 WL 2037450, at *2 (E.D. La., July 25, 2005) (citing *Todd v. Angelloz,* 844 So. 2d 316, 318-20 (La. Ct. App. 2003) (recognizing "a court must sustain an exception of prematurity and dismiss the claim if a malpractice claim against a health care provider covered by the LMMA has been filed in district court without having first been presented to a medical review panel"); *Todd,* 844 So. 2d at 318 ("If an action against a health care provider covered by the Act has been commenced in district court and the claimant's proposed complaint has not been first presented to a medical review panel, an exception of prematurity must be sustained, and claimant's district court claim must be dismissed."); *Jarrell v. Am. Med. Int'l, Inc.,* 552 So. 2d 756, 759 (La. Ct. App. 1989).

Therefore, Dr. Hinton is improperly or fraudulently joined, and his citizenship cannot be considered for diversity jurisdiction purposes. *See Fontenot v. Johnson & Johnson,* No. 10-162, 2010 U.S. Dist. LEXIS 60163, at *30 (W.D. La. Apr. 30, 2010) (holding that an in-state hospital was improperly joined; "[t]he courts do not hesitate to deny remand when the only parties actually named in the suit are diverse and the non-diverse medical providers are properly before a medical review panel as required by Louisiana law, even though it is possible, if not likely, these defendants will eventually be joined in the litigation"); *Silvestrini v. Intuitive Surgical, Inc.,* No. 11-2704, 2012 U.S. Dist. LEXIS 13801 (E.D. La. Feb. 6, 2012) (denying remand where plaintiff failed to present non-diverse healthcare provider's medical malpractice claims to a medical review panel); *Jones v. Centocor, Inc.,* No. 07-5681, 2007 U.S. Dist. LEXIS 84717, at *3 (E.D. La. Nov. 15, 2007) (denying remand where in-state doctor was "improperly joined because [the plaintiff] had not fulfilled the mandatory pre-suit requirement of bringing her malpractice claim before a medical review panel as required by the Louisiana Medical Malpractice Act"); *Senia v. Pfizer, Inc.,* No. 06-1997, 2006 U.S. Dist. LEXIS 32555, at *10

(E.D. La. May 23, 2006) (upholding removal because claims against non-diverse doctor were "premature" where plaintiffs failed to first submit them for review to a medical review panel). *See also Taylor v. Ochsner Clinic Found.,* No. 11-1926, 2011 U.S. Dist. LEXIS 142122 (E.D. La. Dec. 9, 2011); *Bush v. Thoratec Corp.,* No. 11-1654, 2011 U.S. Dist. LEXIS 122724 (E.D. La. Oct. 24, 2011); *Garcia v. Covidien, Inc.,* No. 10-4184, 2011 U.S. Dist. LEXIS 112977 (E.D. La. Sept. 28, 2011); *Ellis v. Ethicon, Inc.,* No. 09-949, 2010 WL 1251640 (M.D. La. Feb. 19, 2010) (Report & Recommendation), adopted, 2010 WL 1142045 (M.D. La. Mar. 24, 2010); *Owens v. Ethicon, Inc.,* No. 10-190, 2010 WL 3172737 (M.D. La., Aug. 11, 2010); *Valence v. Jefferson Parish Hospital Service No. 2,* No. 08-1121, 2008 U.S. Dist. LEXIS 35683 (E.D. La. May 1, 2008) (plaintiff did not allege that he filed a claim under the LMMA prior to filing suit; thus, his claim against the doctor and hospital was premature, and their joinder was improper and must be disregarded for purposes of jurisdiction).

The right to remove a diversity action cannot be defeated by the improper joinder of a resident defendant against whom no claim could be stated under state law. *Chesapeake & 0. Ry. v. Cockrell,* 232 U.S. 146, 152 (1914*); Burden v. General Dynamics Corp.,* 60 F.2d 213, 216 (5th Cir. 1995).

6.   Amount in Controversy:

It is clear from the face of the Petition that the amount in controversy, exclusive of interests and costs, exceeds $75,000.  Plaintiff claims that he suffered serious injuries and damages, including having to undergo unplanned emergency surgery.  Petition, ¶ 8.  He further alleges that he suffered medical expenses, loss of wage earning capacity, increased disability, loss of enjoyment of life, physical pain and suffering, mental anguish, and fright and terror. Petition, ¶ 10.  Finally, the Petition does not set forth that there is a "lack of jurisdiction of

6

federal courts due to insufficiency of damages" as required by La. Code Civ. Proc. art. 893A(1).

Courts have routinely held that damages allegations of the type alleged in this case, including medical expenses, loss of wage earning capacity, increased disability, loss of enjoyment of life, physical pain and suffering, mental anguish, and fright and terror, are sufficient to facially demonstrate that the amount in controversy for federal jurisdiction is satisfied.  *See, e.g., Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000) (concluding that plaintiff's personal injury petition alleged damages in excess of $75,000 when plaintiff sought damages for medical expenses, physical pain and suffering, mental anguish, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement for injuries sustained to plaintiff' wrist, knee and back); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) (where airline lost luggage containing heart medication, contributing to subsequent heart failure, allegations of damages for property, travel expenses, emergency ambulance trip, six-day hospitalization, pain and suffering, humiliation and temporary inability to do housework satisfied the requirement that $75,000 amount in controversy be facially apparent).

Thus, it is readily apparent that Plaintiff's request for numerous items of alleged damages, including medical expenses, loss of wage earning capacity, increased disability, loss of enjoyment of life, physical pain and suffering, mental anguish, and fright and terror, places more than $75,000 in controversy. *See, e.g., Gebbia* 233 F.3d at 883.

7.   Consent:

LabCorp, as the only properly joined defendant, files this Notice of Removal and, thus, consents to its filing.

Dr. Hinton is an improperly joined defendant and therefore need not consent to this

removal.  *See Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868 (1993).

8.      Removal is Timely:

A Notice of Removal is timely when filed "within thirty days after receipt by the defendant through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b) (emphasis added).  Suit was filed on October 7 or 9, 2014. LabCorp has not yet been served in this matter.  This Notice of Removal is therefore timely filed. This removal is also filed within one year of commencement of this action on October 9, 2014. 28 U.S.C. § 1446(b).

The United States District Court for the Western District of Louisiana embraces the parish in which the state court action was filed, and thus this case is properly removed to this Court under 28 U.S.C. §§ 98(c) and 1441(a).

9.      Pleadings and Process:

Pursuant to 28 U.S.C. § 1446(a), a copy the state court record is attached hereto as Exhibit "A."  No process, pleadings, or orders have been served upon LabCorp in the Action.

Pursuant to 28 U.S.C. § 1446(d), LabCorp is filing written notice of this removal with the clerk of the state court in which the action is currently pending. Copies of the State Court Notice of Removal together with this Notice of Removal are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

10.     Filing Fee:

LabCorp files and presents herewith the appropriate filing fee as required by 28 U.S.C. §1446.

2355991-1

Respectfully submitted,

CHAFFE McCALL, L.L.P.

_/s/ Brent A. Talbot_
BRENT A. TALBOT, #19174, T.A.
PETER J. ROTOLO, #21848
LORETTA O. HOSKINS, #30558
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Telefax:  (504) 544-6095

KATHARINE R. COLLETTA (#27552)
One Lakeshore Drive, Suite 1640A
Lake Charles, LA 70629
Telephone: (337) 419-1825
Facsimile: (504)585-7075

**ATTORNEYS FOR LABORATORY
CORPORATION OF AMERICA HOLDINGS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of October, 2014, a copy of the foregoing pleading has been filed with the United States District Court for the Western District of Louisiana by electronic case filing/case management.  All counsel of record are being served with this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

_/s/ Brent A. Talbot_

9